The People of the State of New York, Respondent, 
against
Quintin Fields, Calendar No. 16-256 Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), rendered July 31, 2015, after a nonjury trial, convicting him of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered July 31, 2015, modified, on the law, to the extent of reducing defendant's conviction for aggravated unlicensed operation of a motor vehicle in the third degree to unlicensed driving, and remanding for resentencing on that conviction; as modified, judgment of conviction affirmed.
The evidence adduced at trial was legally insufficient to support defendant's conviction of aggravated unlicensed operation of a motor vehicle in the third degree (see Vehicle and Traffic Law § 511[1][a]). Even viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence was legally insufficient to prove that the defendant knew or had reason to know that his license had been suspended (Vehicle and Traffic Law § 511[1][a]).
The testimony on behalf of the People, given by an employee from the Manhattan office of the New York State Department of Motor Vehicles [DMV], revealed that the employee had no personal knowledge of the procedures utilized by the Albany DMV office, which handled the mailing of the actual Notice of Suspension of defendant's license. "Consequently, the People failed to present sufficient proof regarding the standard practice and procedure of the Albany DMV office that were designed to ensure that the suspension orders were properly addressed and mailed, did not establish that the suspension orders were mailed to the defendant, and, thus, failed to prove that the defendant knew, or had reason to know, that his... license had been suspended" (People v Francis, 114 AD3d 699, 700 [2014], lv denied 23 NY3d 1036 [2014]; see People v Pacer, 6 NY3d 504, 512-513 [2006]; People v Abelo, 79 AD3d 668 [2010]). 
However, the evidence was legally sufficient to establish defendant's guilt of the lesser included offense of unlicensed driving (see Vehicle and Traffic Law § 509[1]), which offense lacks the element of knowledge that one's license had been suspended or revoked (see People v Rhodes, 47 Misc 3d 151[A], 2015 NY Slip Op 50794[U] [App Term, 2d, 11th and 13th Jud Dists 2015], lv denied 26 NY3d 934 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: December 21, 2017